IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

FRED STALLWORTH                    *

    Plaintiff,                      *

      v.                           *        2:06-CV-533-WHA
                                             (WO)
ANTHONY CLARK, *et al*.,            *

    Defendants.                     *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Frederick Stallworth ["Stallworth"], is currently incarcerated at the

Covington County Jail.   He challenges the constitutionality of his incarceration in the jail.

Stallworth seeks monetary damages and his immediate release from confinement.

After a careful review of the complaint, the court concludes that dismissal of this case

prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

Stallworth's complaint reflects that he  was arrested in May 2006 for failure to pay

child support.  Stallworth  maintains that indigent fathers cannot be sentenced to jail in state

contempt proceedings unless represented by counsel.  Stallworth complains that he did not

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

have the assistance of counsel "at any time at any hearing."  (Doc. No. 1, pgs. 2-3.)

Stallworth names Amanda Barefoot and Anthony Clark as defendants. He complains that Defendant Barefoot harassed and intimidated him "because plaintiff fail to pay the sum of $4,000 + $250 for nonsupport" which resulted in his arrest by Defendant Clark. The court understands Stallworth to complain that Defendant Clark is causing him to be falsely imprisoned as a result of his inability to meet his child support obligations.  (Doc. No. 1 at pgs. 2-3.)

*A.  Defendant Barefoot*

Plaintiff is entitled to no relief from Defendant Barefoot. An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under § 1983, a plaintiff must assert "both an alleged constitutional deprivation ... and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50.  Because there is no indication that Defendant Barefoot acts under color of state law and/or may be considered a state actor,  Stallworth's claim against her are frivolous and due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. The False Imprisonment Claim.*

Stallworth challenges the constitutionality of the proceedings which led to his incarceration in the Covington County Jail as a result of his failure to meet his child support obligation. This claim goes to the fundamental legality of Stallworth's confinement, and, consequently, provides no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the

punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate

that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the

Court determined that this is true not only when a prisoner challenges the judgment as a

substantive matter but also when "the nature of the challenge to the procedures could be such

as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the

position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the

constitutionality of his confinement is a petition for writ of habeas corpus. *Id.* Additionally,

the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should

immediately go forward, or is not cognizable and should be dismissed." *Id.* at 649.

The instant complaint contains a challenge to the constitutionality of Stallworth's

incarceration in the Covington County Jail as a result of his failure to meet his court-ordered

child support payments. A judgment in favor of Stallworth in this cause of action would

necessarily imply the invalidity of the proceedings which resulted in his confinement. It is

clear from the complaint that the proceedings about which Stallworth complains and which

led to his current confinement have not been invalidated in an appropriate proceeding.

Consequently, the instant collateral attack on his confinement in the Covington County Jail

is prohibited as habeas corpus is the exclusive remedy for an inmate who challenges the

validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S.

at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Such attack is, therefore,

subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C.

4

§ 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 5, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

Done this 19th day of June, 2006.


                                          /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE